UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH V. KAPUSTA : Case No. 302CV261 (DJS) |
| Plaintiff : |
| : |
| v. : |
| : |
| EUGENE A. COPPOLA, et al. : |
| Defendant : NOVEMBER 7, 2003 |

### PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR ORDER COMPELLING DISCOVERY

Although Defendants argue that Plaintiff should only be entitled to information from Coppola and Mudry's personnel files that pertains to the complaint against Billings and any repercussions from said complaint, such a conclusion does not follow, given the facts of this case. As alleged in Plaintiff's complaint, on May 26, 1999, Kapusta sent a letter reiterating his concerns about Billings' inappropriate conduct to the Mudry, Coppola and the Chairman of the Seymour Board of Education ("Board"), as well as others. (See Exhibit A, copy attached.) As noted by Plaintiff in his initial memorandum of law, he alleges that the Board, as well as Coppola and Mudry, is liable to him for his injuries. Such liability would exist if, in fact, the Board knew or should have known of either of the other Defendants' retaliatory actions against Kapusta and nonetheless ratified these actions or permitted them to continue.

Since Kapusta made the Board aware of Billings' inappropriate actions and Mudry and Coppola's failure to address those actions despite their awareness of them, the Board's actions, *or its failure to act*, in response to Kapusta's May 26, 1999 letter is an appropriate subject of discovery. For that reason an absence of inquiry, investigation or discipline in the files of Mudry and Coppola could lead to the discovery of admissible evidence. *(Responsive to Defendant's Objection to Plaintiff's Motion for Order Compelling Discovery ("Def. Mem.") at p. 2.)*

Further, Billings' personnel file will similarly lead to the discovery of admissible evidence.[1] In this case, the evidence shows that immediately after Plaintiff complained about Billings' conduct, he was forced to resign from his coaching. At the same time, Billings filed a long letter of complaint against Kapusta, apparently in response to Kapusta's complaint against him. If, in fact, prior complaints of inappropriate conduct had been made against Billings, this would tend to show that the Defendants knew or

---

[1] Although Defendants' memorandum asserts that "the Plaintiff has not articulated the claimed relevance of this information", this is because Defendants did not object to the disclosure of Billings' file on this basis, but rather claimed only that such disclosure would violate Connecticut statutes governing disclosure of personnel file. (See Memorandum of Law in Support of Plaintiff's Motion for Order Compelling Discovery ("Initial Mem.") dated September 23, 2003, at p. 2.) Since Defendants have failed to file a timely objection to disclosure of Billings' file on relevance grounds, any such objection has been waived. Nonetheless, Plaintiff has addressed this issue on its merits.

2

should have known that Kapusta's allegations were true and those of Billings were untrue. What the Defendants knew or should have known at the time they acted, or failed to act, is relevant not only to the Defendants' motives, but also bears on affirmative defenses such as qualified immunity. *(Responsive to Def. Mem. at pp. 2-3.)*

None of the cases cited by Defendants in their memorandum supports nondisclosure of personnel files in this case. *State v. Rodriguez*, 37 Conn. App. 5890 (Conn. App. 1995) and *State v. Januszewski*, 182 Conn. 142 (1980) were both criminal matters and Connecticut rules of practice do not permit discovery in criminal cases, *Carroll v. Carroll (Rugar)*, 2003 Ct. Sup. 7480-a (Super. Ct. 2003), attached to Def. Mem. as Exhibit A, addresses itself to counsel's abuse of subpoena power, not to the discoverability of records under rules governing discovery. And *Szczepanski v. Town of Wolcott*, 2001 Ct. Sup. 13468-ed (Super. Ct. 2001), attached to Def. Mem. as Exhibit B, while it addresses disclosure under state court rules of practice governing discovery, can be distinguished on its facts. That case accused the Town of Wolcott, as well as individual defendants who were Town employees, of negligence in causing an auto accident. That case, unlike the present one, did not raise claims or defenses which call into question the employer's knowledge of facts and circumstances or its actions or failure to act in response to that knowledge. *(Responsive to Def. Mem. at pp. 3-5.)*

3

Courts have recognized that when personnel files are sought in circumstances similar to those presented by this case, disclosure should be required. As stated in *Cason v. Builders FirstSource-Southeast Group, Inc.* 159 F.Supp.2d 242, 247-248 (W.D.N.C. 2001),

> Although not covered by a *per se* privilege . . . there is a strong public policy against the public disclosure of personnel files. *See Blount v. Wake Elec. Membership Corp.,* 162 F.R.D. 102, 105-06 (E.D.N.C.1993) . . . However, *where the files sought are those of employees whose action or inaction has a direct bearing on the Plaintiff's claims or Defendant's affirmative defenses.* . . personnel files are subject to discovery. *Accord, Johnson v. Morris,* 903 F.2d 996, 998 (4th Cir.1990). . . and *Blount,* 162 F.R.D. at 105-06.

(Emphasis added.)

Further, courts have recognized that personnel files, notwithstanding their confidentiality, are unique sources of information which can lead to the discovery of admissible evidence. As stated by one court: "The evaluations and other information in [the Defendant's] file were contemporaneous and made without litigation in mind. Thus, the personnel files possess an inherent reliability which cannot now be duplicated through any other source, especially through the depositions of Defendant . . . and his supervisor." *Blount v. Wake Elec. Membership Corp.* 162 F.R.D. 102, *106 (E.D.N.C., 1993).

4

**Conclusion**

For the foregoing reasons, and for the reasons stated in Plaintiff's initial memorandum, his motion for order compelling discovery must be granted.

PLAINTIFF

By_____
Kathleen Eldergill    ct00024

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following counsel of record this 7th day of November 2003:

David S. Monastersky
Thomas R. Gerarde
Alexandria L. Voccio
Howd & Ludorf
65 Wethersfield Ave
Hartford, CT 06114

_____
Kathleen Eldergill

Kapusta\ReplyCompel11-07.pld

5

Joseph V. Kapusta
138 Red Robin Road
Naugatuck, CT 06770

26 May 1999

Dear Mr. Coppola,

This letter is to reiterate my concerns regarding Dave Billings, my assistant track coach, that I voiced in person to both Mr. Blake and Mr. Mudry last week.

I have witnessed inappropriate behavior by Mr. Billings toward girls on the track team. I have also had confirmation from coaches of other teams as well as from several parents who have seen the same inappropriate behavior.

These actions have included girls sitting on his lap at track meets, lying on the grass with his arms around two of the girls, and hugging and kissing girls in the weight room.

I have expressed my deepest concerns regarding this unacceptable behavior from a coach/teacher/minister. However, I have not been informed of any actions taken in this matter. I also spoke directly to Mr. Billings about this and he told me it was none of my concern! As head track coach I am ultimately responsible for the conduct of those who work with me. I should have been informed as to the status of this matter. Since Mr. Billings continues to coach I can only assume that no action was taken against him.

I have deep reservations regarding these girls being in his company either on the field or in the weight room. His conduct makes it obvious that he should not be in a position to work with, coach, or advise young, impressionable women.

I would like this letter, as well as one from the Seymour Board of Education, put in my file stating that they are aware of Mr. Billings' actions as reported by me to higher authorities within the structure of the athletic department and school hierarchy. I want it officially noted that I believe these actions by Mr. Billings to be morally reprehensible by an adult coaching young women in the Seymour Public School athletic program. In addition I want it noted that I notified the proper people within the system as to this behavior.

Sincerely,

Joseph V. Kapusta

*[signature: Joseph V. Kapusta]*

JVK:cak
c/c: Fred Stanek
    Robert Blake
    Michael Mudry

"EXHIBIT A"