UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH V. KAPUSTA | : | NO.: 3:02CV261 (DJS) |
| | : | |
| v. | : | |
| | : | |
| EUGENE A. COPPOLA, Individually and | : | |
| in his Official Capacity as Superintendent | : | |
| of Schools; MICHAEL MUDRY, Individually | : | |
| and the BOARD OF EDUCATION FOR | : | |
| THE TOWN OF SEYMOUR | : | NOVEMBER 26, 2003 |

## ANSWER & AFFIRMATIVE DEFENSES

1. Paragraphs 1, 17, 18, 19, 20, 21, 22 and 23 are denied.

2. As to paragraphs 2, 3, 8, 12 and 13, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiff to his burden of proof.

3. Paragraphs 4, 7, 9 and 10 are admitted.

4. That portion of paragraph 5 which states: "At all times relevant to this complaint, the defendant, Eugene A. Coppola ("Coppola"), has been Superintendent of Schools, employed by the Board of Education for the Town of Seymour. As such, he has the authority over the day-to-day operation and management of schools located in the Town of Seymour." is admitted. As to the remainder of paragraph 5, the defendants do not have sufficient knowledge or information upon which to base a

belief or opinion, and therefore leaves the plaintiff to his burden of proof.

5. That portion of paragraph 6 which states: "From some time prior to 1996 through June 1999, the defendant Michael Mudry ("Mudry") served as Athletic Director, employed by the Board of Education for the Town of Seymour. As such, he had authority over athletic programs at public schools located in the Town of Seymour." is admitted. As to the remainder of paragraph 6, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leaves the plaintiff to his burden of proof.

6. That portion of paragraph 11 which states: "Kapusta saw Billings engaging in improper and inappropriate conduct, including physical contact, with a member of the girls' track team." is denied. As to the remainder of paragraph 11, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leaves the plaintiff to his burden of proof.

7. That portion of paragraph 14 which states: "Kapusta also witnessed additional inappropriate conduct on Billings' part over the next several weeks" is denied. As to the remainder of paragraph 14, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leaves the plaintiff to his burden of proof.

8. That portion of paragraph 15 which states: "Billings continued to serve as assistant coach" is admitted. That portion of paragraph 15 which states "to engage in inappropriate conduct in the presence of Kapusta." is denied. As to the remainder of paragraph 15, the defendants do not have sufficient knowledge or information upon

which to base a belief or opinion, and therefore leaves the plaintiff to his burden of proof.

9.   As to paragraph 16, the defendants admit that the plaintiff did send such letter. As for the date the plaintiff sent such letter, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion, and therefore leaves the plaintiff to his burden of proof.

## BY WAY OF AFFIRMATIVE DEFENSES

### First Affirmative Defense:

The plaintiff fails to state causes of action upon which relief may be granted.

### Second Affirmative Defense:

The plaintiff's claims against Eugene Coppola and Michael Mudry, are barred by the doctrine of qualified immunity as the applicable law was not sufficiently well-established at the time of the actions complained of to provide notice to a reasonable official of any constitutional deprivation resulting therefrom.

### Third Affirmative Defense:

The plaintiff's claims against defendants, Eugene Coppola and Michael Mudry, are barred by the doctrine of qualified immunity since the actions and conduct complaint of were objectively reasonable under the circumstances of which they were aware at the time.

**Fourth Affirmative Defense:**

The plaintiff failed to mitigate his damages.

**Fifth Affirmative Defense:**

The Board of Education for the Town of Seymour and Eugene Coppola, in his official capacity, cannot be held liable for punitive damages.

DEFENDANTS,
EUGENE A. COPPOLA, Individually and in his Official Capacity as Superintendent of Schools; MICHAEL MUDRY, Individually and the BOARD OF EDUCATION FOR THE TOWN OF SEYMOUR

By *Alexandria L. Voccio* (signature)
Alexandria L. Voccio
ct21792
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
Phone (860) 249-1361
Fax   (860) 249-7665
E-Mail: avoccio@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 26th day of November, 2003.

Kathleen Eldergill, Esquire
Beck & Eldergill, P.C.
447 Center Street
Manchester, CT  06040

Nicholas J. Grello, Esquire
Siegel, O'Connor, Schiff & Zangari, P.C.
171 Orange Street
P.O. Box 906
New Haven, CT  06504


_____
Alexandria L. Voccio