**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOSEPH V. KAPUSTA | : | Case No. 302 CV 261 DJS |
|    Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| EUGENE A. COPPOLA individually | : | |
| and in his official capacity as | : | |
| Superintendent of Schools; | : | |
| MICHAEL MUDRY, individually and the | : | |
| BOARD OF EDUCATION FOR THE | : | |
| TOWN OF SEYMOUR | : | |
|    Defendants | : | March 22, 2004 |

**JOINT TRIAL MEMORANDUM**

1.  **TRIAL COUNSEL:**

    For the Plaintiff:   Kathleen Eldergill
                                     Beck & Eldergill, P.C.
                                     447 Center Street
                                     Manchester, Ct. 06040
                                     (860) 646-5606 ext. 102

    For the Defendants:   Alexandria L. Voccio
                                        Howd & Ludorf
                                        65 Wethersfield Ave
                                        Hartford, CT 06114
                                        (860) 249-1361

### 2. JURISDICTION:

Jurisdiction is conferred on this Court by 28 U.S.C. Sections 1331, 1343, 2201 and 2202, 42 U.S.C. Sections 1983 and 1988 and the first and fourteenth amendments to the United States Constitution.

### 3. JURY/NON-JURY:

This is a jury trial.

### 4. LENGTH OF TRIAL:

The parties anticipate that this case will take 8 days to try.

### 5. FURTHER PROCEEDINGS:

The parties anticipate no further proceedings necessary prior to trial, other than consideration of evidentiary issues raised by Defendants.

### 6. NATURE OF CASE:

Plaintiff claims that he was forced to resign from his position as coach of the girls' track team at Seymour High School in May 1999 by Michael Mudry, Athletic Director, that negative references were placed in his personnel file by Mudry and/or Eugene Coppola, Superintendent of Schools, and that he was thereafter denied a position as Assistant Coach of the girls' track team by Coppola and/or the Seymour Board of Education, because he reported sexual misconduct by the Assistant Coach of the girls' track team, Dave Billings.

In a single cause of action, Plaintiff alleges violation of 42 U.S.C. Sec. 1983 because Defendants retaliated against him for exercise of his first amendment rights and because Defendants violated his rights to equal protection of the laws.

Plaintiff seeks compensatory and punitive damages against Mudry, Coppola and the Board of Education of the Town of Seymour ("Board") and prospective injunctive relief against the Board, including an order of reinstatement and/or in the alternative, front pay, and removal of adverse material from his personnel file.

7.  **TRIAL BY MAGISTRATE JUDGE:**

The parties have not agreed to a trial before a magistrate judge and have elected to have any appeal heard by the Court of Appeals.

8.  **LISTS OF WITNESSES**

    **Plaintiff's List of Witnesses**

1.  Robert Blake, Former principal of Seymour High School.  He may testify concerning Kapusta's complaints about Billings' conduct, written and/or oral, meetings and discussion between Kapusta and Mudry and Kapusta's work as coach.  **Anticipated length of testimony: 1 hour**

2.  Ms. Bravard (Guidance department) may testify concerning procedures used to send out transcripts to colleges and transcripts sent for Michael Kapusta.  May also testify

3

        concerning girls' track team.  **Anticipated length of testimony: Less than 1 hour.**

3. Mr. Brentson, coach of girls' track team after Kapusta left, may testify concerning his knowledge of the team and their attitude toward/about Kapusta.  **Anticipated length of testimony: Less than 1 hour.**

4. Eugene R. Coppola, retired Superintendent of Schools and a Defendant, may testify concerning his knowledge of Billings' conduct, his knowledge of Kapusta's complaints, contents of Kapusta's personnel file, refusal to hire Kapusta for coaching positions, performance evaluations, his responses to requests for Kapusta's personnel file, disciplinary actions taken, his knowledge concerning policies and/or practices of the Seymour Board of Education and/or Seymour High School.  **Anticipated length of testimony: 2 hours**

5. Mrs. Circot (Guidance department) may testify concerning procedures used to send out transcripts to colleges and transcripts sent for Michael Kapusta.  She may also testify concerning the coaching given to the girls' track team.  **Anticipated length of testimony: Less than 1 hour.**

6. William Davis, Jr., softball coach, may testify concerning his dealings with Kapusta, Billings' conduct and his reports of such conduct to Mudry. Anticipated length of testimony: Less than 1 hour

7. Dan Dunaj, football coach, may testify concerning Billings' conduct, his reports of such conduct to Mudry, Kapusta's inability to obtain a coaching position in 2000 and/or 2001, Michael Kapusta's attempts to secure placement and/or scholarships for college. Anticipated length of testimony: 1 hour

8. Katie Dunlap may testify concerning Billings' conduct and discussions with Kapusta about Billings' conduct. Anticipated length of testimony: Less than 1 hour.

9. Mr. and/or Mrs. Dunlap may testify concerning Billings' conduct and conversations with others concerning that conduct. Anticipated length of testimony: Less than 1 hour.

10. William Gargano, Athletic Director after Mudry left, may testify concerning Kapusta's inability to get a coaching job in 2000 and/or 2001. Anticipated length of testimony: Less than 1 hour.

11. Jenny Jones may testify concerning Billings' conduct and discussions with Kapusta about Billings' conduct. She may also testify concerning her treatment by Kapusta and by Mudry while a member of the girls' track team. Anticipated length of testimony: Less than 1 hour.

12. Joseph Kapusta will testify concerning all of the allegations of his complaint.   Anticipated length of testimony: 6 hours.

13. Carol Kapusta, Mr. Kapusta's wife, may testify in support of Plaintiff's claims for damages.  She may also testify concerning her conversations with Mr. Kapusta about the events at issue in the case.   Anticipated length of testimony: 2 hours.

14. Michael Kapusta, Mr. Kapusta's son, may testify in support of Plaintiff's claims for damages. He will also testify concerning the submission of his transcripts to colleges by personnel at Seymour High School. Anticipated length of testimony: 2 hours.

15. Sarah Lisewski may testify concerning Billings' conduct and discussions with Kapusta about Billings' conduct. She may also testify concerning her treatment by Kapusta and by Mudry while a member of the girls' track team. Anticipated length of testimony: Less than 1 hour.

16. Selena Merrill may testify concerning Billings' conduct and discussions with Kapusta about Billings' conduct. She may also testify concerning her treatment by Kapusta and by Mudry while a member of the girls' track team. Anticipated length of testimony: 1 hour.

17. Betsy Merrill may testify concerning Billings' conduct and conversations she had with her daughter, Mr. Kapusta and

others concerning his conduct.   Anticipated length of testimony: Less than 1 hour.

18. Melissa Miles may testify concerning Billings' conduct and discussions with Kapusta about Billings' conduct. She may also testify concerning her treatment by Kapusta and by Mudry while a member of the girls' track team. Anticipated length of testimony: Less than 1 hour.

19. Michael Mudry may testify concerning all of the allegations of the complaint.   Anticipated length of testimony: 2 hours.

20. Mr. Pagliaro, Chairman of the Board of Education at one time, may testify concerning his knowledge of Kapusta's work performance, Mudry and Coppola's treatment of Kapusta and Billings' conduct.   Anticipated length of testimony: Less than 1 hour.

21. Edward Rostowsky, former Assistant Principal of Seymour High School, may testify concerning procedures used to send out transcripts to colleges and transcripts sent for Michael Kapusta. Anticipated length of testimony: Less than 1 hour.

22. Paul Sponheimer may testify concerning his knowledge of Billings' conduct and discussions with Kapusta about Billings' conduct. Anticipated length of testimony: Less than 1 hour.

23. `Fred Stanek, former Chairman of the Seymour Board of Education, may testify concerning Billings' conduct, Kapusta's complaint and information provided by Mudry and Coppola concerning these matters.`   Anticipated length of testimony**:** Less than 1 hour.

### Defendants' List of Witnesses

1. Eugene R. Coppola, retired Superintendent of Schools and a Defendant.  Address: 824 South Main Street, Seymour, CT 06483.  Dr. Coppola may testify concerning his knowledge of Kapusta's complaints regarding David Billings, Kapusta's and Billings' conduct and work performance, Kapusta's and Billings' personnel files, the investigation into Kapusta's complaints, actions taken following the investigation, Kapusta's resignation, relationship with Kapusta and Billings, and reasons behind the decision not to hire Kapusta for a subsequent assistant coach position. Anticipated length of testimony: 2 hours.

2. Michael Mudry, former Athletic Director at Seymour High School and a Defendant. Address: 33 Wanda Drive, Beacon Falls, CT 06403.  Mr. Mudry may testify concerning his knowledge of Kapusta's complaints, Kapusta's and Billings' conduct and work performance, Kapusta's and Billings' personnel files, safety concerns for the athletes, the investigation into Kapusta's complaints, actions taken following the investigation, performance evaluations and recommendations, Kapusta's and

8

      Billings' resignations, and conversations with Billings and Kapusta. Anticipated length of testimony: 4 hours.

3. David Billings, former Assistant Track Coach of the girls' track team at Seymour High School. Address: 241 Mapletree Hill, Oxford, CT 06478. Mr. Billings may testify concerning his interactions with the female athletes on the girls' track team, his relationship with Kapusta and Mudry, his conduct and work performance, his knowledge of Kapusta's conduct and work performance, the investigation into Kapusta's complaints and resulting actions, his personnel file and performance evaluations, his resignation, and conversations with Kapusta and Mudry. Anticipated length of testimony: 3 hours.

4. Robert Blake, former Principal at Seymour High School. Mr. Blake may testify concerning his knowledge of Kapusta's complaints, Billings' and Kapusta's conduct and work performance, Billings' and Kapusta's resignation, and conversations with Kapusta, Billings, and Mudry. Anticipated length of testimony: 2 hours.

5. Dan Dunaj, football coach at Seymour High School. Address: Seymour High School, 2 Botsford Road, Seymour, CT 06483. Mr. Dunaj may testify concerning conversations with Kapusta and Mudry regarding David Billings, his knowledge of Billings' conduct and work performance, and his knowledge of Mudry's conduct and work performance. Anticipated length of testimony: 1 hour.

6. Joseph Kapusta, Plaintiff, may testify concerning the allegations set forth in his complaint, his relationship with David Billings, and his own conduct and work performance.  Anticipated length of testimony: 6 hours.

7. Edward Rostowski, former Assistant Principal at Seymour High School.  Address: Bethany Junior High School, Luke Hill Road, Bethany, CT.  Mr. Rostowski may testify concerning a meeting with Kapusta and Mudry at which Kapusta resigned. Anticipated length of testimony: 1 hour

**9.    LISTS OF EXHIBITS**

**Plaintiff's List of Exhibits**

24. Kapusta evaluation report for Year 1997;

25. Memo from Mudry to Kapusta dated April 3, 1998;

26. Kapusta evaluation report for Year 1998;

27. Kapusta evaluation report for Year 1999 dated 5/6/99 (first version);

28. Letter from Kapusta to Coppola May 26, 1999, w/copies to Stanek, Blake and Mudry, w/green cards showing receipt;

29. Letter from Billings to Blake dated May 26, 1999;

30. Letter from Billings to Mudry dated May 26, 1999;

31. Handwritten note from Billings to Seymour Board of Education dated May 28, 1999;

32. Memo from Mudry to Billing dated May 29, 1999;

33. Handwritten note from Kapusta to Mudry dated May 28, 1999;

34. Letter from Billings to Blake dated May 31, 1999;

35. Kapusta evaluation report for Year 1999 dated 5/6/99 (second version);

36. Letter from Coppola to Kapusta dated June 10, 1999.

37. Letter from Coppola to Billings dated June 10, 1999;

38. Letter from Kapusta to Pagliaro dated September 26, 1999 and responsive documents.

39. Letter from Beck & Eldergill to Coppola dated October 12, 2001 and responsive letter and documents.

40. Letter from Beck & Eldergill to Attorney Grello dated October 24, 2001 and response from Grello and Coppola dated October 30, 2001.

41. Defendant Coppola's Responses to Interrogatories and Requests for Production signed January 2004:

    a. Billings' Personnel file;

        b. Kapusta Personnel file (partial);

42. Defendant Mudry's Responses to Interrogatories and Requests for Production signed February 23, 2004;

**43.** Letter from Coppola to Kapusta dated October 4, 2001 and attached documents concerning Michael Kapusta.

44. Deposition Exhibits: Deposition of Edward Rostowsky:

        a. Exhibit 1: Seymour High School: "Unofficial Transcript" for Michael Kapusta;

        b. Exhibit 2: Seymour High School: Official Transcript of Michael Kapusta;

        c. Exhibit 3: Report Card of Michael Kapusta;

45. Official Transcripts of Michael Kapusta sent to Sacred Heart University:

11

       a.  Transcript dated January 17, 2001;
       b.  Transcript dated March 22, 2001; and

46. Defendant Seymour Board of Education's Responses to Plaintiff's Second Request for Disclosure and Production signed January 2004, including relevant portions of union contract.

## Defendants' List of Exhibits

1. Kapusta 5/26/99 letter to Coppola;

2. Billings' 5/26/99 resignation letter to Blake;

3. Mudry 4/3/98 memo to Kapusta;

4. Kapusta 1999 evaluation (recommend not rehire);

5. Kapusta's undated resignation letter;

6. Coppola 6/10/99 letter to Kapusta;

7. Billings' 5/31/99 letter to Blake;

8. Mudry's memo recommending Kapusta for coaching position;

9. Coppola's 6/10/99 letter to Billings;

10. Billings' 5/28/99 handwritten note to Seymour Board of Education;

11. Mudry's 5/28/99 memo to Billings;

12. Billings' 1999 evaluation (recommend not rehire);

13. Mudry's 2/20/98 memo to Coppola recommending Billings for assistant coach position; and

14. Plaintiff's responses to interrogatories and requests for production.

**10. STIPULATION**

**Uncontroverted Facts:**

The Plaintiff, Joseph Kapusta, was employed by the Seymour Board of Education as a coach of the girls' track team at Seymour High School from 1996-1999.

The Defendant, Eugene Coppola was Superintendent of Schools for the Town of Seymour during the time at issue in this case. As such, he had the authority over the day-to-day operation and management of schools located in the Town of Seymour.

From some time prior to 1996 through June 1999, the Defendant Michael Mudry was Athletic Director for the Town of Seymour. As such, he had authority over athletic programs at public schools located in the Town of Seymour.

The Defendant Seymour Board of Education is a board of education organized under the laws of the state of Connecticut to operate public schools in the Town of Seymour. From September 1996 through June 1999, the Seymour Board of Education was Kapusta's employer.

The Plaintiff, Joseph Kapusta, began working for the Seymour Board of Education, coaching the girls' track team at Seymour High School in the 1996-1997 school year. For three consecutive years, Kapusta held the position of coach, working under three successive one-year contracts.

From spring 1998 through May 26, 1999, David N. Billings served as assistant coach of the girls' track team at Seymour High School.

**Contested Facts:**

The Plaintiff, Joseph Kapusta, claims that he saw Mr. Billings engaging in improper and inappropriate conduct, including physical contact, with members of the girls' track team, that he reported this conduct to the Defendants and that as a result of this report, he suffered negative consequences. Mr. Kapusta claims that he was forced to resign from his coaching position, that negative references were placed in his file and that he was thereafter refused a coaching job at Seymour High School, thereby causing him damages.

Defendants deny all of these allegations.

**A. Proposed Voir Dire Questions**

Plaintiff respectfully requests that the jurors questioned in this case be provided a jury questionnaire to fill out, attached as "Exhibit A". In the event this request is denied, Plaintiff submits proposed voir dire questions, attached. Defendants submit proposed voir dire questions, attached.

**B. Proposed Jury Instructions**

Plaintiff's proposed jury instructions and jury verdict form are attached. Defendants' proposed jury instructions are attached.

14

**11.    ANTICIPATED EVIDENTIARY PROBLEMS**

Defendants object to the introduction of the following evidence sought to be proferred by the Plaintiff, as more fully set forth in Defendants' attached memoranda:

1. Testimony concerning David Billings' alleged inappropriate conduct.

2. Testimony concerning the plaintiff's son's transcripts.

3. Billings' personnel file.

4. Deposition exhibits from the deposition of Edward Rostowski.

5. Official transcripts of Michael Kapusta sent to Sacred heard University.

Plaintiff will file responsive memoranda within 21 days.

| PLAINTIFF | DEFENDANTS |
|---|---|
| By:_____ | By:_____ |
| Kathleen Eldergill | Alexandria L. Voccio |
| Federal Bar No. Ct00024 | Federal Bar No. 21792 |
| Beck & Eldergill, P.C. | Howd & Ludorf |
| 447 Center Street | 65 Wethersfield Ave |
| Manchester, CT  06040 | Hartford, CT 06114 |
| Tel: (860) 646-5606 | Tel: (860) 249-1361 |

Kapusta\JTM03-04.pld