# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH V. KAPUSTA | : | Case No. 302 CV 261 DJS |
|     Plaintiff | : | |
| v. | : | |
| EUGENE A. COPPOLA individually | : | |
| and in his official capacity as | : | |
| Superintendent of Schools; | : | |
| MICHAEL MUDRY, individually and the | : | |
| BOARD OF EDUCATION FOR THE | : | |
| TOWN OF SEYMOUR | : | |
|     Defendants | : | MARCH 22, 2004 |

## PLAINTIFF'S REQUESTED VOIR DIRE

Pursuant to Rule 12(c) of the Local Rules, and in order to ensure Plaintiff the right to a trial by an impartial jury, attorney for the Plaintiff expressly requests the opportunity to personally voir dire the prospective members of the jury, in addition to the court's general inquiry. Plaintiff's counsel expressly agrees to limit the questioning to no more than 20 minutes and to make a reasonable inquiry of the background of the prospective members of the jury in order to intelligently exercise the Plaintiff's challenges for cause and peremptory challenges.

### Alternative request for questions to be put to prospective jurors.

If such request is denied, the Plaintiff then requests that the questions listed below, in addition to the court's general inquiry, be asked of each prospective juror to ensure impartiality of the jury in this case and to allow the intelligent and informed exercise of peremptory challenges and challenges for cause:

Preliminary Statement:

In this case, the Plaintiff, Joseph Kapusta, worked as girls' track coach at Seymour High School in 1999. He claims that he was retaliated against after making a complaint that an assistant coach of the girls' track team, Dave Billings, was engaging in inappropriate conduct of a sexual nature with members of the girls' track team. The Defendants, Michael Mudry, who was Athletic Director for the Seymour Board of Education, Eugene Coppola, who was the Superintendent of Schools in Seymour, and the Seymour Board of Education, deny these allegations.

You will now be asked some questions about your own life experiences, so that the parties can determine whether this would be an appropriate case for you to hear. The questions to be asked of you are not intended to embarrass you or pry into your private affairs. If, for any reason, you would prefer not to answer any of the questions put to you in front of other members of the jury panel, please let me know this. You will be invited up to the sidebar and will be allowed to respond privately in my presence and in the presence of counsel for the parties.

Although my questions are directed to "you" individually, you should also respond if the questions apply to a member of your family, or to a close friend, to the extent that you might be affected by these experiences.

1. First of all, based on the claims which will be raised in this case, is there anyone

who feels, for whatever reason, that he or she would prefer not to sit on this case. If so, please raise your hand. (Follow up questions as needed, at sidebar.)

.    2. Have you, or has any member of your family or any close friend, ever brought a lawsuit? If so, please raise your hand.

3. Have you, or has any member of your family or any close friend, ever been sued? If so, please raise your hand. Describe that experience.

4. Have you, or has any member of your family or any close friend, ever been employed by a school system? If so, please raise your hand. Describe that experience.

5. Have you, or has any member of your family or any close friend, ever coached youth sports? If so, please raise your hand. Describe the nature of that work.

6. Do you have any children who are, or in the past were, involved in team sports at school? If so, please raise your hand.

7. Have either you or your children ever had any disputes with the coaching staff or with the school growing out of your child's involvement there. If so, please raise your hand. Describe the issue that came up

8   Is there anything about your experiences concerning any of the above which might affect your service as a juror on this case, considering the information you have been provided about the facts of the case? If so, please raise your hand.

9. Have you, or has any member of your family or close friend ever been retaliated

against in the workplace?  If so, please raise your hand. Describe that experience.

10.  Have you, or has any member of your family or close friend ever been accused of retaliation in the workplace?  If so, please raise your hand.  Describe that experience

11.  In light of the fact that the Plaintiff in this case is making a claim of retaliation, is there anything about your own experience which might tend to influence your judgment in this case?  If so, please raise your hand.

12.  The Defendants in this case are a government agency---a municipal Board.  Is there anyone who believes that this factor would influence their view of this case in some way?  If so, please raise your hand.

13.  Has anyone here been responsible for supervising and evaluating employees in the course of their work?  If so, please raise your hand.  Describe.

14.  The Plaintiff in this case is seeking money damages for emotional harm, among other things.  Is there anyone who is troubled by the idea of paying someone money because they have suffered emotional harm.   If so, please raise your hand.

15.  The Plaintiff in this case is also seeking punitive damages;  that is, damages designed to punish conduct and to deter others in the future from committing such conduct.  Is there anyone who is troubled by the idea of awarding punitive damages, assuming you believed that Plaintiff had met the necessary burden of proof?  If so, please raise your hand.

PLAINTIFF

By_____

Kathleen Eldergill ct00024

Beck & Eldergill, P.C.

## **CERTIFICATION**

    I hereby certify that a copy of the foregoing was hand-delivered to the following counsel of record this 22nd day of March, 2004:

Alexandria L. Voccio
Howd & Ludorf
65 Wethersfield Ave
Hartford, CT 06114

Kathleen Eldergill

5