UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH V. KAPUSTA | : | Case No. 302 CV 261 DJS |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| EUGENE A. COPPOLA individually | : | |
| and in his official capacity as | : | |
| Superintendent of Schools; | : | MARCH 22, 2004 |
| MICHAEL MUDRY, individually and the | : | |
| BOARD OF EDUCATION FOR THE | : | |
| TOWN OF SEYMOUR | : | |
|     Defendants | : | |

## **PLAINTIFF'S REQUEST TO CHARGE THE JURY**

Plaintiff requests that the jury be charged in accordance with the following instructions:

1. The law to be applied in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. Sec. 1983.

2. Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. Before Section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Historically, Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

**Puleri v. Fox, Civil Action No. H-82-550 (AHN) (D. Conn. 1987).**

3. "Acting under color of law" means "under pretense of law" and simply means that the acts complained of would not have occurred but for the fact that the person committing them was an official, purporting to exercise his or her official powers.

In this case, it is not disputed that the actions of the Defendants were taken while they were acting in their official capacities, and you can therefore find that the individual Defendants were acting under color of law, within the meaning of the statute.

**Monroe v. Pape, 365 U.S. 167 (1961).**

4. The Plaintiff must next prove that those acts caused the Plaintiff to suffer the loss of one or more federal rights. In this case, the Plaintiff has brought two different causes of action under the Civil Rights Act against the individual defendants: first, that the Defendants deprived Plaintiff of his first amendment rights and second, that he was deprived of his right to equal protection of the laws. These are separate claims which do not depend on each other, and which you must evaluate separately. Plaintiff may recover under one of them, both of them, or neither.

**Narumanchi v. Board of Trustees of Connecticut State University, 850 F.2d 70 (2d Cir. 1988).**

5. In order for Plaintiff to prove that any one or all of the individual defendants are liable for these adverse employment actions, he must prove personal involvement by the Defendants Michael Mudry, Eugene Coppola or the Seymour Board of Education in these adverse employment actions. Such personal involvement can be proven in a number of ways. These include:

(a) Direct participation by the individual Defendant.

(b) Failure to remedy a wrong after learning of a violation by a subordinate. This includes situations in which a supervisor either knew or should have known that unconstitutional acts or practices were taking place and failed to act on the basis of such information.

3

(c) Creating a policy or custom under which unconstitutional practices occurred. Even where the individual Defendant is not directly involved in dealing with the Plaintiff, if he or she affirmatively promotes a policy which sanctions the type of action which causes constitutional violations, the Defendant is liable.

(d) Allowing such a policy or custom to continue.

(e) Gross negligence in managing subordinates who cause the challenged conduct.

(f) Demonstrating a deliberate indifference to a plaintiff's constitutionally protected rights, either by action or inaction.

**Williams v. Smith**, 781 F.2d 319, 323 (2d Cir. 1986); **Southard v. Texas Board of Criminal Justice**, 114 F.3d 539, 551 (5th Cir. 1997); **Duchesne v. Sugarman**, 566 F.2d 817, 832 (2d Cir. 1977); **McCann v. Coughlin**, 698 F.2d 112, 125 (2d Cir. 1983).

### A. First Amendment Claim

6. Plaintiff's first cause of action claims that the Defendants Michael Mudry, Eugene Coppola and the Seymour Board of Education violated Plaintiff's rights under the first amendment to the United States Constitution.

The first amendment provides, in part, that "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people to petition the Government for a redress of grievances."  This means that an individual's free speech may not be infringed upon by any government official.

4

Here, Plaintiff claims that the individual defendants violated his first amendment rights because they took certain actions in retaliation for Mr. Kapusta's free speech. This speech includes Mr. Kapusta's reports, both oral and written, made to the Defendants, that his assistant coach, David Billings, was engaged in inappropriate conduct with members of the girls' track team at Seymour High School.

**United States Constitution, Amendment I; Complaint.**

7. In order to prove his first amendment claim, Plaintiff must first show that his speech or activity was protected under the Constitution. It is undisputed that Mr. Kapusta complained to the Defendants about Mr. Billings' conduct. I charge you, as a matter of law, that this speech is protected under the First Amendment and that Plaintiff has therefore proved this element of his claim.

**Connick v. Meyers**, 461 U.S. 138, 148, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); **Bernheim v. Litt**, 79 F.3d 318, 324 (2d Cir.1996); **Rookard v. Health and Hospitals Corp.**, 710 F.2d 41 (2d Cir.1983); **Czurlanis v. Albanese**, 721 F.2d 98, 104 (3rd Cir. 1983); **Warnock v. Pecos County, Texas**, 116 F.3d 776 (5th Cir. 1997).

8. To prove his first amendment claim, Plaintiff must establish that his exercise of protected speech was a substantial or motivating factor in the Defendants' retaliatory actions. Plaintiff need not prove that this retaliatory purpose was the primary, or dominant purpose, but must show that the actions taken had some connection with this improper motive.

**Mount Healthy City District Board of Education v. Doyle**, 429 U.S. 274 (1977).

### B. Equal Protection Claim

9. Plaintiff's second cause of action claims that the Defendants violated Plaintiff's rights to equal protection of the laws. In this cause of action, Mr. Kapusta claims that for reasons which are unrelated to a legitimate governmental objective, he was treated maliciously and intentionally subjected to different treatment than other similarly situated employees by the individual Defendants.

**Complaint, Second Cause of Action.**

10. The equal protection clause of the fourteenth amendment to the United States Constitution provides that no state or, in this case, state official shall "deny to any person within its jurisdiction the equal protection of the laws."

**Fourteenth Amendment, United States Constitution.**

11. The equal protection clause essentially requires that all persons similarly situated be treated alike.

**City of Cleburne, Texas v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L.Ed.2d 313 (1985); Plyler v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2382, 72 L.Ed.2d 786 (1982); Mahone v. Addicks Utility District of Harris County, 836 F.2d 921, 932 (5th Cir. 1980).**

12.  Equal protection of the law requires not only that laws be equal on their face, but also that they be executed so as not to deny equality.  The unequal application of state laws, regulations, rules or practices may act as a denial of equal protection.

**Yick Wo v. Hopkins, 188 U.S. 356, 6, S. Ct. 1064, 30 L.Ed.2d 220 (1886); Mahone v. Addicks Utility District of Harris County, 836 F.2d 921, 932 (5th Cir. 1988).**

13.  To show an equal protection violation, Plaintiff must prove that the individual Defendants' actions constituted an uneven or erroneous application of laws, regulations, rules or practices, and that those actions were taken purposefully or intentionally to inhibit or punish the exercise of Mr. Kapusta's first amendment rights, or with a malicious or bad faith intent to injure him.

**Lehr v. Robertson, 463 U.S. 248, 265-66, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983); Schnabel v. Tyler, 230 Conn. 735, 762 (1994); LeClair v. Saunders, 627 F.2d 606 (2d Cir. 1980), cert. denied 450 U.S. 959, 101 S.Ct. 1418 (1981);**

**II. Instructions Pertaining to Both Claims**

14.  Plaintiff claims that his first amendment rights or a malicious or bad faith intent to injure him were a factor in the following actions by the individual Defendants: he was forced to resign from his position as coach of the girls' track team at Seymour High School, negative information was placed in his personnel file, and he was thereafter denied an opportunity to coach at Seymour High School.

**Complaint.**

7

15. The Seymour Board of Education is a municipal agency. It cannot act otherwise than through its employees. An agency is liable for any wrongs committed by its employees in the course of their employment.

**Lieberman v. Reliable Refuse Co., 212 Conn. 661, 673, 563 A.2d 1013 (1989); Kilfduff v. Adams, Inc., 219 Conn. 314, 331, 593 A.2d 478 (1991); Bacon v. Robertson, 59 U.S. 480, 15 L.Ed. 499 (1855).**

A. **Motive**

16. Both of the Plaintiff's claims require you to give consideration to the motives of the Defendants. In determining the Defendants' motivations, you should consider that intent or motive can rarely be established by direct evidence and must often be proved circumstantially and by inference. Plaintiff is not required to provide direct proof of unlawful motive, intent or design. A motive, intent or design to violate a person's constitutional rights, if it exists, is seldom admitted and may be inferred from the existence of other facts.

**Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. ___, 120 S. Ct. ___, 82 FEP Cases 1748, 68 U.S.L.W. 4480 (2000); Missouri National Education Association v. New Madrid County School District, 810 F.2d 164 (8th Cir. 1987); Rookard v. Health & Hospitals Corp., 710 F.2d 41 (2d Cir. 1983); Arlington Heights v. Metro Housing Corp., 429 U.S. 252 (1977).**

17. Circumstantial evidence consists of evidence which indirectly proves the fact in issue; that is, evidence of certain facts which may lead you to infer the existence of other facts. Among the circumstantial evidence you may consider in order to discern the Defendant's intent or motive are the following:

8

First, the specific sequence of events leading up to the challenged decision may shed some light on the Defendant's motives.

Second, the historical background of the decision is a source of evidence, particularly if it reveals a series of official actions taken for invidious purposes. However, this is not to say that a consistent pattern is necessary to find retaliation. A single governmental act may also constitute such a violation.

Third, departures from the normal procedural sequence also might afford evidence that improper purposes are playing a role. Substantive departures too may be relevant, particularly if the factors usually considered important by the decision maker strongly favor a decision contrary to the one reached.

You may also consider the adequacy of the reasons given by the Defendants for their actions against the Plaintiff, in light of all the facts and circumstances of the case as you find them to be.

You can also consider the Defendants' treatment of other individuals in similar circumstances in determining whether there is an adequate explanation for Defendants' treatment of Plaintiff.

**Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. \_\_, 120 S. Ct. \_\_, 82 FEP Cases 1748, 68 U.S.L.W. 4480 (2000); Village of Arlington Heights v. Metropolitan**

9

**Housing Development Corp.**, 429 U.S. 252, 266-268, 97 S. Ct. 555, 50 L.Ed.2d 450, 465-466 (1977); **Guillory v. County of Orange**, 731 F.2d 1379, 1383 (9th Cir. 1984).

### B. Causation

18. The third element which Plaintiff is required to prove is that the Defendants' acts were a proximate cause of the injuries he sustained. Proximate cause means that there must be a sufficient causal connection between the act or omission of a Defendant and any injury or damage sustained by the Plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of any defendant's act or omission. If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such an act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the Plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of one or more of the Defendants. If you find that the Plaintiff complains about an injury which would have occurred even in the absence of the Defendants' conduct, you must find that the Defendants did not proximately cause the Plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage; that is, many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if the plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's act or omission and the Plaintiff's injury and which produces a result which was not reasonably foreseeable by the Defendants.

**Puleri v. Fox**, Civil Action No. H-82-550 (AHN) (D. Conn. 1987).    C.  **Damages**

19. If you determine that the Defendants are liable to the Plaintiff for the wrongs alleged in this action, based upon any of the claims raised, you should then consider damages.  The object of an award of damages is to place the injured parties, as near as may be possible, in the situation they would have occupied if the wrong had not been committed.  Within the guidelines of these instructions, the amount to be awarded rests largely in your good discretion.

**Albemarle Paper Company v. Moody**, 422 U.S. 405 (1975).

20.  If you return a verdict for the Plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the Defendants.  In this case,

11

the Plaintiff claims that the Defendants' violated his rights in a number of ways.  First, the Plaintiff alleges violation of his rights to free speech; second, he alleges violation of his right to equal protection of the laws.  You must examine each of these violations separately in deciding what injuries, if any, Plaintiff suffered as a result.

**Carey v. Piphus, 435 U.S. 247, 98 S. Ct. 1042, 55 L.Ed.2d 252 (1978).**

22.  If you find the individual Defendants responsible on any one of Mr. Kapusta's claims, then he is entitled to be compensated for injuries resulting from that violation.  This would include compensation for damage to his personal and professional reputation, loss of salary as a result of his loss of employment as coach and Defendants' failure to hire him as assistant coach, mental, physical and emotional distress, loss of enjoyment of life and other damages and all other monetary or non-monetary losses suffered.

**Memphis Community School District v. Stachura, 477 U.S. 299, 106 S. Ct. 2537, 91 L.Ed.2d 249 (1986).**

23.  I have said that, if you return a verdict for the Plaintiff, you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct result of the conduct of the Defendants.  If you find that the Defendants did in fact violate more than one of the Plaintiff's rights, you must remember, in calculating the damages, that the Plaintiff is entitled to be compensated only for injuries he actually suffered.  Thus, if the Defendants violated more than one of the Plaintiff's rights, but the resulting injury was no greater than it would have been had the Defendants' violated

one of those rights, you should award an amount of compensatory damages no greater than you would award if the Defendants had violated only one of the Plaintiff's rights.  If, on the other hand, the Defendants violated more than one of the Plaintiff's rights and you can identify separate injuries resulting from the separate violations, you should award an amount of compensatory damages equal to the total of the damages you believe will fairly and justly compensate the Plaintiff for the separate injuries he has suffered.

**Puleri v. Fox, Civil Action No. H-82-550 (AHN) (D. Conn. 1987).**

24.  If you find that the Plaintiff is entitled to damages, but find that the amount of those damages is uncertain, due to the wrongful conduct of the Defendants, you should nevertheless attempt to determine the amount of money damages due the Plaintiff which will fairly compensate him for any losses.  Civil Rights plaintiffs are not barred from an award of substantial compensatory damages, just because the monetary damage of a particular injury is difficult to ascertain.  Once a plaintiff has been damaged, he or she need only demonstrate the amount of damages with reasonable certainty, and a wrongdoer has no right to insist on a mathematically precise evaluation of the damages suffered.

**City of Watseka v. Illinois Public Action Council, 796 F.2d 1547, 1559 (7th Cir. 1986); Contemporary Mission, Inc. v. Bonded Mailings, Inc., 671 F.2d 81, 84 (2d Cir. 1982); Contemporary Mission, Inc. v. Famous Music Corp., 557 F.2d 918, (2d Cir. 1977).**

25.  You may also decide whether the Plaintiff is entitled to the award of punitive damages as against the individual Defendants Michael Mudry and Eugene Coppola.  In a

case like this one, you may consider whether the actions of the Defendants, if you find them to have been proved, were so serious that the Defendants should pay a penalty so that in the future others will be deterred from engaging in the same conduct.  Whether you decide to award any punitive damages should be based on whether you find that the Defendants engaged in any one of the following things:  (1) willful or malicious violations of the Plaintiff's constitutional rights; (2) an intentional act by the Defendants in gross disregard of the Plaintiff's rights; or (3) reckless disregard by the Defendants of whether or not they were violating the Plaintiff's rights.  If you find any of these three things to have been proven, then you may award punitive damages.

**Memphis Community School District v. Stachura**, 477 U.S. 299, 306, 106 S. Ct. 2537, 91 L.Ed.2d 249, 259, n.9 (1986); **Smith v. Wade**, 461 U.S. 30, 103 S. Ct. 1625, 75 L.Ed.2d 632 (1983); **Stolberg v. Board of Trustees**, 474 F.2d 489 (2d Cir. 1973); **McFadden v. Sanchez**, 710 F.2d 907 (2d Cir. 1983).

      26.  An act is maliciously done if it is prompted by ill will or spite towards the injured person.  An act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person.  The Plaintiff has the burden of proving, by a preponderance of the evidence, that the individual Defendants acted maliciously or wantonly with regard to the Plaintiff's rights.

      An intent to injure exists when the Defendants have a conscious desire to violate federal rights of which they are aware, or when the Defendants have a conscious desire to

14

injure the Plaintiff in a manner they know to be unlawful.  A conscious desire to perform the physical acts that caused Plaintiff's injury or to fail to undertake certain acts, does not by itself establish that Defendants had a conscious desire to violate rights or injure Plaintiff unlawfully.

If you find by a preponderance of the evidence that an individual Defendant acted with malicious intent to violate the Plaintiff's federal rights or unlawfully injure him or if you find that the Defendant acted with a callous or reckless disregard of the Plaintiff's rights, then you may award punitive damages.  An award of punitive damages, however, is discretionary; that is, if you find that legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.  It's up to you.

In making this decision, you should consider the underlying purpose of punitive damages.  Punitive damages are awarded in the jury's discretion to punish a Defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future.  Thus, in deciding whether to award punitive damages, you should consider whether Defendants may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to

punish the wrongful conduct.  You should also consider whether actual damages standing alone are likely to deter or prevent these Defendants from again performing any wrongful acts they may have performed, or whether punitive damages are necessary to provide deterrence.   Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the Defendants may have committed.

If you decide to award punitive damages these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages.  That is, in fixing the sum to be awarded, you should consider the degree to which Defendants should be punished for their wrongful conduct, and the degree to which an award of one sum or another will deter the individual Defendant or persons like him from committing wrongful acts in the future.

**Memphis Community School District v. Stachura, 477 U.S. 299, 306, 106 S. Ct. 2537, 91 L.Ed.2d 249, 259, n.9 (1986); Puleri v. Fox, Civil Action No. H-82-550 (AHN) (D. Conn. 1987).**

27.  Such punitive damages may be awarded even in the absence of actual damages; their amount need not be based on the amount of any compensatory damages.

16

**Zarcone v. Perry**, 572 F.2d 52 (2d Cir. 1978); **Stolberg v. Board of Trustees**, 474 F.2d 485 (2d Cir. 1973); **Lamar v. Steele**, 693 F.2d 559 (5th Cir.), **rehearing denied**, 698 F.2d 1286, **cert denied**, 104 S. Ct. 86 (1983).

28. With respect to Plaintiff's claims for damages, it is Plaintiff's burden to establish the amount of such damages with reasonable certainty. However, the fact that such damages might be difficult of accurate determination does not prevent the Plaintiff from recovering them.

**Proto v. Bridgeport Herald Corp.**, 136 Conn. 557, 72 A.2d 828 (1950).

                PLAINTIFF

                By:
                   Kathleen Eldergill
                   For Beck & Eldergill, P.C.
                   Ct00024

## CERTIFICATION

I hereby certify that a copy of the foregoing has been hand-delivered on this 22nd day of March, 2004 to:

Alexandria L. Voccio
Howd & Ludorf
65 Wethersfield Ave
Hartford, CT 06114

17

Kathleen Eldergill