UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH V. KAPUSTA | : | NO.: 3:02CV261 (DJS) |
| | : | |
| v. | : | |
| | : | |
| EUGENE A. COPPOLA, Individually and in his Official Capacity as Superintendent of Schools; MICHAEL MUDRY, Individually and the BOARD OF EDUCATION FOR THE TOWN OF SEYMOUR | : : : : : | MARCH 22, 2004 |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## TABLE OF CONTENTS

1.   §1983 Constitutional Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 2

2.   First Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 6

3.   Equal Protection . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 8

4.   Qualified Immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 10

5.   Back Pay – Duty to Mitigate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 12

6.   Rule Against Double Recovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 14

7.   Punitive Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 15

## **§1983 CONSTITUTIONAL CLAIM**

This is a civil rights case in which the plaintiff claims his constitutional rights have been violated. The plaintiff's constitutional claims arise under Title 42, §1983 of the United States Code, which provides that a person may seek money damages against another person or persons who, under the apparent authority of state law, deprive that person of any rights protected by the Constitution or laws of the United States.

Section 1983 states that:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

In order to prevail on a claim under §1983, the plaintiff must first prove three elements:

(1)  that the defendants acted under color of state law;
(2)  that the defendant's acts operated to deprive the plaintiff of his rights protected by the United States Constitution; and
(3)  that such deprivation proximately caused injury to the plaintiff.

As to the first element – whether the defendants were acting under color of state law – there is no dispute that during the events at issue here the defendants were acting under color of law. Therefore, you need not decide this issue yourselves.

The second element that the plaintiff must prove is that the one or more of the defendant's conduct deprived the plaintiff of a federal right. In this case, the plaintiff

claims that he was deprived of his right to freedom of speech under the 1st Amendment and his right to equal protection of the laws under the 14th Amendment. These are two separate claims that must be evaluated separately. I will explain the elements of both of these claims later in the instructions.

The third element that the plaintiff must establish under §1983 is that the alleged deprivation of one or more of his constitutional rights was a proximate cause of his injury and damages. Under §1983, a defendant is responsible for only the natural consequences of his or her actions. An act is the proximate cause if it was a substantial factor in bringing about the plaintiff's injury. You must determine whether any injury or damage suffered by the plaintiff was a reasonably foreseeable consequence of one or more of the defendant's conduct.

There are three defendants in this case: Michael Mudry, the Athletic Director, Eugene Coppola, Superintendent of Schools, and the Seymour Board of Education itself. I will address the limits of liability for each.

**Municipal Liability (Seymour Board of Education)**

A municipal entity, such as the Seymour Board of Education, may not be sued under §1983 for injury inflicted solely by its employees or agents. On the contrary, in order to hold the Seymour Board of Education liable for a violation of §1983, the plaintiff must establish either of the following: (1) the execution of an official policy, regulation or custom that inflicts injury; (2) that the plaintiff was deprived of a constitutional right by a municipal official who has "final policy making authority;" or (3) deliberate indifference.

See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, (1978).  In this case, the plaintiff does not allege an official policy, regulation or custom that inflicts injury.  Therefore, in order to find liability against the Seymour Board of Education, the plaintiff must prove to you either that he was deprived a constitutional right by a municipal official with "final policy making authority" or deliberate indifference on the part of the Board of Education.

I charge you, as a matter of law, that Defendant Michael Mudry was not a municipal official with "final policy making authority," and as such the Seymour Board of Education can not be found liable under this theory for the actions of Mr. Mudry.  On the other hand, Eugene Coppola did have "final policy making authority."  Therefore, if you find that Mr. Coppola deprived the plaintiff of a constitutional right, then you may hold the Seymour Board of Education liable for his actions.  See Jett v. Dallas Independent School Dist., 491 U.S. 701, 737 (1989).

The only other way you can find liability against the Seymour Board of Education is if the plaintiff can prove deliberate indifference.  Deliberate indifference occurs when it is shown that the municipal entity - in this case the Board of Education - failed to take action even though the need to act was obvious and the failure to act would very likely result in violations of federally protected rights.  Deliberate indifference is equivalent to criminal recklessness; it is more blameworthy than negligence.  See Hernandez v. Keane, 341 F.3d 137, 144 (2nd Cir. 2003).

**Individual Liability**

In order to establish that one or both of the individual defendants is liable under §1983, the plaintiff must prove personal involvement by said individual. A supervisory official may not be held liable under §1983 based solely upon the fact that the supervisor had the obligation and authority to supervise the subordinate employee. In other words, the mere existence of a supervisory relationship is not, by itself, a sufficient basis for imposing liability upon the supervisory official. See Hernandez v. Keane, 341 F.3d 137, 144 (2nd Cir. 2003); Richardson v. Goord, 02-0289 (2nd Cir. 2003); Poe v. Leonard, 282 F.3d 123, 140 (2nd Cir. 2002). The law recognizes that a supervisor may be found liable if: (1) he was directly involved in the constitutional violation; (2) he failed to take reasonable steps to remedy the wrong after being informed of the violation of a federally protected right; (3) he created a policy or custom that sanctioned constitutional violations, or allowed the continuation of unconstitutional practices to continue; (4) he was grossly negligent in his supervision of a subordinate who committed a constitutional violation; or (5) he failed to act on information indicating that unconstitutional acts were occurring. See Hernandez v. Keane, 341 F.3d 137, 145 (2nd Cir. 2003); Richardson v. Goord, 02-0289 (2nd Cir. 2003).

## **FIRST AMENDMENT**

As I mentioned earlier, the plaintiff claims that the defendants violated two of his constitutional rights. First, the plaintiff claims that the defendants, Michael Mudry, Eugene Coppola, and the Seymour Board of Education, violated his rights under the 1st Amendment to the United States Constitution. The 1st Amendment states:

> Congress shall make no law respecting an establishment or religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

The relevant protection under the 1st Amendment in this case is an individual's right to free speech. Here, the plaintiff claims that the individual defendants violated his 1st Amendment rights because they took certain actions in retaliation for the plaintiff's exercise of his right to free speech. The speech at issue in this case is the plaintiff's reports, both oral and written, to the defendants that the plaintiff's assistant coach, David Billings, was engaged in inappropriate conduct with female athletes on the girls' track team at Seymour High School.

In order to prove this 1st Amendment claim, the plaintiff must prove both that: (1) his speech or conduct at issue was constitutionally protected, and (2) he was subject to an adverse employment action by one or more of the defendants who was motivated by Kapusta's protected speech in carrying out said action. See Morris v. Lindau, 196 F.3d 102 (2nd Cir. 1999); Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 283-87 (1977).

Speech is protected under the 1st Amendment only when an employee is acting as a citizen on a matter of public concern. The fact that an employee's speech touches on a matter of public concern will not render that speech protected if the employee's motive for the speech is private and personal. See Connick v. Myers, 461 U.S. 138, 147 (1983).

In this case, I charge you, as a matter of law, that Kapusta's speech - his complaints about the conduct of David Billings - addressed a matter of public concern under the 1st Amendment. Your job is to determine the motivation for Mr. Kapusta's speech. If you find that the plaintiff was motivated by reasons that are private and personal to him, regardless of what those reasons might be, then you must return a verdict in favor of the defendants as to this claim.

Conversely, if you find that Mr. Kapusta was motivated as a citizen on a matter of public concern, then you must next consider whether the plaintiff's speech was a substantial or motivating factor in one or more of the defendant's actions. The plaintiff claims that he was retaliated against in the following ways: (1) Michael Mudry, Athletic Director, forced the plaintiff to resign his position as coach of the girls' track team at Seymour High School in May 1999; (2) Michael Mudry and/or Eugene Coppola placed negative references in the plaintiff's personnel file; and (3) thereafter, Eugene Coppola denied the plaintiff a position as assistance coach of the girls' track team. It is your job to determine whether the plaintiff's speech – reporting alleged misconduct by David Billings – was a substantial or motivating factor in one or more of these actions.

## **EQUAL PROTECTION**

The plaintiff's second constitutional claim is that he was deprived of his right to equal protection of the laws under the 14th Amendment. The equal protection clause of the 14th Amendment is essentially a direction that the government treat all persons similarly situated alike, and not discriminate between persons similarly situated based on malice or bad faith. In order for the plaintiff to prevail against the defendants in this case, he must prove the following two elements, against each defendant you are considering:  (1) that the defendant discriminated against the plaintiff by singling him out for selective treatment, as compared with others similarly situated to the plaintiff; and (2) that the discrimination against the plaintiff, by the defendant, was motivated by a malicious or bad faith intent to injure the plaintiff.  See <u>Lisa's Party City, Inc. v. Town of Henriettta</u>, 185 F.3d 12, 16 (2nd Cir. 1999){ TA \l "<u>Lisa's Party City, Inc. v. Town of Henriettta</u>, 185 F.3d 12 (2nd Cir. 1999)" \s "Lisa's Party City" \c 1 }; <u>LeClair v. Saunders</u>, 627 F.2d 606, 609-10 (2nd Cir. 1980).

Thus, in this case, you must consider both whether Michael Mudry discriminated against Mr. Kapusta by singling him out for selective treatment when he asked for Mr. Kapusta's resignation and/or chose not to recommend his rehire <u>and</u> whether Mr. Mudry was motivated by a malicious or bad faith intent to injure Mr. Kapusta in so doing.  As to the negative evaluation, again you must consider whether either Mr. Mudry or Mr. Coppola discriminated against the plaintiff by singling him out for selective treatment <u>and</u> whether said defendant was motivated by a malicious or bad faith intent to injure

Mr. Kapusta. Finally, you must consider whether Eugene Coppola discriminated against Mr. Kapusta by singling him out for selective treatment when Mr. Kapusta was not hired for the assistant coaching position <u>and</u> whether Mr. Coppola was motivated by a malicious or bad faith intent to injure Mr. Kapusta in making this decision.

To establish intentional purposeful discrimination, the plaintiff must initially prove that persons similarly situated to him have been treated differently by the defendants. Similarly situated in this case would include other coaches at Seymour High School, and in particular, the other girls' track coach which was David Billings. Evidence was presented in this case that Mr. Billings was likewise not recommended for rehire the following school year. Mr. Billings likewise received a negative evaluation in his file.

I will now instruct you on what is meant by "malice." A decision by Mr. Mudry or Mr. Coppola is done maliciously if it is initiated out of personal ill will or in reckless disregard of Mr. Kapusta's rights. Bad faith generally implies some sinister motive, a conscious wrong because of a dishonest purpose. It is not simply bad judgment or negligence. It is different from negligence in that it contemplates the state of mind affirmatively operating with ill will.

If you find that Mr. Mudry or Mr. Coppola did not act with a malicious or bad faith intent to injure Mr. Kapusta, your verdict must be in favor of that defendant, even if you find that the defendant selectively discriminated against Mr. Kapusta. In order to return a verdict for Mr. Kapusta, you must find that he has proven both that there was selective discriminatory treatment by the particular defendant, and that the defendant you are

9

considering acted with a malicious or bad faith intent to injure Mr. Kapusta.

## **QUALIFIED IMMUNITY**

If you find that the plaintiff has failed to prove either of his claims against the defendants, then obviously you must return a verdict in favor of the defendants. If, however, you find that the plaintiff has proven one or both of his §1983 claims against either Mr. Mudry or Mr. Coppola, you must proceed to consider whether that defendant is entitled to what the law calls "qualified immunity." A particular defendant will be entitled to qualified immunity if, at the time of the conduct complained of, it was objectively reasonable for him to believe that he was not violating a clearly established right of the plaintiff's. The relevant inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted. Even where a right is clearly established, however, a defendant may enjoy immunity if it was objectively reasonable for him to believe that his acts did not violate that right. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982){ TA \l "Harlow v. Fitzgerald, 457 U.S. 800 (1982)" \s "Harlow" \c 1 }; Lennon v. Miller, 66 F.3d 416, 422 (2nd Cir. 1995){ TA \l "Lennon v. Miller, 66 F.3d 416 (2nd Cir. 1995)" \s "Lennon" \c 1 }; Saucier v. Katz, 533 U.S. 194, 202 (2001){ TA \l "Saucier v. Katz, 533 U.S. 194 (2001)" \s "Saucier" \c 1 }.

In this case, if you find that Mr. Mudry has violated the plaintiff's constitutional rights, then you must consider whether Mr. Mudry should have known that giving an employee a negative evaluation or not recommending him for rehiring because that employee complained about a coworker would violate the First or Fourteenth

11

Amendment. If you find that Dr. Coppola has violated the plaintiff's constitutional rights, then you must consider whether Dr. Coppola should have known that not rehiring a former employee because he had complained about a coworker would violate the First or Fourteenth Amendment. See Lewis v. Cowen, 165 F.3d 154, 167 (2nd Cir. 1999).

In deciding what a reasonable public official should have known about the legality of his conduct, you may consider the nature of that defendant's official responsibilities, the information that was known to the defendant or not known to him at the time of the incident, and the circumstances surrounding the events that confronted him. Were the defendants attempting to stymie the plaintiff's exercise of his First Amendment rights? Or was it objectively reasonable for the defendants to believe that they were not violating the plaintiff's rights in light of the circumstances and information before them? Even if you find that the plaintiff's constitutional rights were in fact violated, if you also find that it was objectively reasonable for either or both of the individual defendants to believe that he was not violating a clearly established constitutional right of the plaintiff, then you must return a verdict in favor of that defendant. See Lennon v. Miller, 66 F.3d 416, 422 (2nd Cir. 1995).

**BACK PAY - DUTY TO MITIGATE**

If you find that the plaintiff, Mr. Kapusta, has proven by a preponderance of the evidence that his constitutional rights were violated, you may award him back pay to compensate for damages he proves he suffered as a result.  In May 1999, Mr. Kapusta was employed as the head coach for the girls' track team at Seymour High School pursuant to a one-year contract.  It is Mr. Kapusta's burden to prove that he would have been rehired in subsequent years if it were not for the unlawful actions of one or more of the defendants.

In this case, the parties have agreed as to what the salary would have been for Mr. Kapusta had he remained as head coach for the girls' track team for subsequent years.  The parties do not agree that Mr. Kapusta is entitled to these wages.  It is up to you to determine if Mr. Kapusta is entitled to any lost wages, and if so, how much.
In considering an award of back pay, you must also consider the issue of mitigation of damages.  The plaintiff has a duty, even if he has been subjected to discrimination or retaliation, to mitigate or lessen his damages. See National Labor Relations Board v. Thalbo Corp., 171 F.3d 102 (2nd Cir. 1999), citing, Sure-Tan, Inc. v. NLRB, 467 U.S. at 901; Greenway v. Buffalo Hilton Hotel, 143 F.3d 147, 53 (2nd Cir. 1998); Dailey v. Societe Generale, 108 F.3d 451, 455 (2nd Cir. 1997).  This means that for Mr. Kapusta to recover back pay, he could not sit idly by and let his damages accumulate.  Instead, he must search diligently for "other suitable employment" that need not be comparable

13

to the position that he held with the Seymour Board of Education.  See Greenway v. Buffalo Hilton Hotel, 143 F.3d 147, 53 (2nd Cir. 1998).

      The burden of proof is on the defendant to prove that Mr. Kapusta failed to seek other employment.  If you find Mr. Kapusta did in fact fail to make reasonable efforts to lessen his damages, you should deny him recovery for the damages he could have avoided by making such reasonable efforts.

## **RULE AGAINST DOUBLE RECOVERY**

If you return a verdict for the plaintiff, you must award such sum of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct result of the conduct of the defendants. If, however, you find that the defendants violated more than one of the plaintiff's rights, you must remember, in calculating the damages, that the plaintiff is entitled to be compensated only once for any injuries he suffered. For example, if Mr. Kapusta were to prevail on both his 1st Amendment and 14th Amendment claims and he establishes damages for the same injury under both claims, you cannot award him damages on both of those claims. The plaintiff is entitled to be made whole, but he is not entitled to recover more than he lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the plaintiff fully for all of his injuries.

**PUNITIVE DAMAGES**

Under certain circumstances, the law permits a jury to award the plaintiff punitive damages. Punitive damages should only be awarded where the conduct of the individual defendant that proximate caused injury to the plaintiff was carried out maliciously, wantonly or oppressively. An act is maliciously done if prompted by ill will, spite or a grudge toward the plaintiff. An act is wantonly done if done in reckless disregard of, or callous disregard of, or indifference to the rights of, the injured person. An act is oppressively done if done in a manner that injures or otherwise violates the rights of another person with unnecessary harshness or severity, or by taking advantage of some weakness or disability of another person.

Should you decide to award punitive damages, you must consider the degree of reprehensibility of that defendant's conduct and the relationship between the amount of punitive damages to any actual harm inflicted upon the plaintiff.

Even if the plaintiff succeeds in proving that one or both of the individual defendants acted maliciously or wantonly, an award of punitive damages is entirely discretionary. That is, even if the legal requirements for punitive damages are satisfied, you may still decide not to award them. In making this decision, you should consider whether the defendant may be adequately punished by an award of actual damages or whether there is a need to deter the defendant from similar conduct in the future. An award of punitive damages shall not reflect bias, prejudice, or sympathy toward any party.

I instruct you that the Seymour Board of Education is absolutely immune from punitive damages. Hence, even if you find that the individual defendants should be liable for punitive damages, you cannot award punitive damages against the Board of Education.

DEFENDANTS,
EUGENE A. COPPOLA, Individually and in his Official Capacity as Superintendent of Schools; MICHAEL MUDRY, Individually, and the BOARD OF EDUCATION FOR THE TOWN OF SEYMOUR


By____/s/ Alexandria L. Voccio____
   Alexandria L. Voccio
   ct21792
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   Phone (860) 249-1361
   Fax   (860) 249-7665
   E-Mail: avoccio@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been hand-delivered to the following counsel of record this 22nd day of March, 2004.

Kathleen Eldergill, Esquire
Beck & Eldergill, P.C.
447 Center Street
Manchester, CT  06040

_____/s/ Alexandria L. Voccio____
Alexandria L. Voccio
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361