UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH V. KAPUSTA | : | NO.: 3:02CV261 (DJS) |
| | : | |
| v. | : | |
| | : | |
| EUGENE A. COPPOLA, Individually and in his Official Capacity as Superintendent of Schools; MICHAEL MUDRY, Individually and the BOARD OF EDUCATION FOR THE TOWN OF SEYMOUR | : : : : : | MARCH 22, 2004 |

**DEFENDANTS' OBJECTION TO TESTIMONY REGARDING ALLEGED INAPPROPRIATE CONDUCT BY DAVID BILLINGS**

**I.   FACTS**

The Plaintiff, Joseph Kapusta, began working for the Seymour Board of Education as a coach of the girls' track team at Seymour High School in the 1996-97 school year. Mr. Kapusta held the position of head coach until May 1999, working under three successive one-year contracts. David Billings served as assistant coach of the girls' track team for the years 1997-98 and 1998-99.

In May 1999, the plaintiff reported that Mr. Billings was engaged in inappropriate conduct with members of the girls' track team. The plaintiff alleges that as a result, he was forced to resign from his coaching position, negative references were placed in his file, and he was thereafter refused a coaching job at Seymour High School.

The plaintiff intends introduce testimony from several former student-athletes, including Katie Dunlop, Jenny Jones, Sarah Lisewski, Selena Merrill and Melissa Miles,

as well as from Mr. Brentson, William Davis, Jr., Dan Dunaj, Mrs. Merrill, Mr. Pagliaro, Paul Sponheimer, Fred Stanek, and Mr. and Mrs. Dunlap, regarding David Billings' alleged inappropriate conduct while an assistant coach of the girls' track team.

The defendants object to any testimony concerning alleged inappropriate conduct of David Billings, aside from the fact that complaints were or were not made, for the following reasons:

i. such evidence is irrelevant to the plaintiff's claims in this lawsuit;

ii. such evidence is likely to confuse the issues and mislead the jury, and is unduly prejudicial to the defendants; and

iii. the introduction of such evidence would create a trial within a trial as to whether or not David Billings did in fact engage in inappropriate conduct with members of the girls' track team, and would cause undue delay of the proceedings.

## II.   LAW AND ARGUMENT

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Testimony concerning whether David Billings did or did not engage in inappropriate conduct with members of the girls' track team is inadmissible as it is not relevant to this case. See FED. R. EVID. 402. The issues for the jury to decide on the plaintiff's First Amendment claim are twofold: did the defendants retaliate against the plaintiff as a result of his exercising his First Amendment rights, and did the defendants maliciously single out the plaintiff and treat him differently than similarly situated employees. The

veracity of the plaintiff's allegations is not at issue.

Further, admitting testimony would create a trial within a trial - did Mr. Billings behave inappropriately?  If the evidence is allowed, the defendants will be forced to call witnesses to refute the alleged wrongfulness of Mr. Billings' actions.  The trial will be unnecessarily lengthened.  Pursuant to Rule 403, relevant evidence may be excluded for considerations of undue delay and waste of time.

Moreover, the introduction of such evidence would be unduly prejudicial to the defendants, and is likely to confuse the issues and mislead the jury.  The defendants are not on trial for an alleged failure to prevent sexual harassment by a coach, nor are they on trial for not conducting a thorough investigation or for failing to take proper disciplinary action against Mr. Billings.  The introduction of testimony regarding Mr. Billings' conduct, however, would likely put the defendants on trial for these actions in the jury's eyes.  Therefore, such testimony should be precluded.  See FED. R. EVID. 403.

For the foregoing reasons, the defendants object to the introduction of any testimony by students, parents, other coaches, or Mr. Kapusta himself regarding Mr. Billings' alleged inappropriate conduct with members of the girls' track team at Seymour High School.

DEFENDANTS,
EUGENE A. COPPOLA, Individually and in his Official Capacity as Superintendent of Schools; MICHAEL MUDRY, Individually, and the BOARD OF EDUCATION FOR THE TOWN OF SEYMOUR

By____/s/ Alexandria L. Voccio____
   Alexandria L. Voccio
   ct21792
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   Phone (860) 249-1361
   Fax    (860) 249-7665
   E-Mail: avoccio@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been hand-delivered to the following counsel of record this 22nd day of March, 2004.

Kathleen Eldergill, Esquire
Beck & Eldergill, P.C.
447 Center Street
Manchester, CT  06040

_____/s/ Alexandria L. Voccio____
Alexandria L. Voccio
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361